MELINDA HAAG (CABN 132612)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELISSA K. B. SLADDEN (CSBN 203307)
Assistant United States Attorney
    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6962
    FAX: (415) 436-6748
    melissa.k.brown@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THOMAS KENNEDY HELM IV, ) | No. CV 10-4634 RS |
|     Plaintiff, ) | |
| ) | **STIPULATION AND [PROPOSED]** |
|     v. ) | **ORDER APPROVING SETTLEMENT** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
|     Defendant. ) | |

1    Plaintiff Thomas Kennedy Helm, IV, ("Plaintiff") and the defendant, United States Department of Labor ("Defendant"), through their undersigned counsel, enter into this Settlement in order to fully resolve this litigation and Plaintiff's claim for attorneys' fees, expenses, and costs generated in connection with this litigation.

The parties agree as follows:

1. Defendant will pay to Plaintiff, by means of electronic funds transfer, the amount of seven-thousand and five hundred dollars and no cents ($7,500.00) to cover attorneys' fees, expenses and costs of all counsel pursuant to the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(E). This payment is full and final payment for all attorneys' fees, expenses, and costs. This payment is inclusive of any interest. If any withholding or income tax liability is imposed upon Plaintiff or Plaintiff's counsel based on payment of the settlement sum as set forth herein, Plaintiff and his counsel shall be solely responsible for paying any such liability.

2. No later than three business days after the date that the Court approves this Stipulation, Plaintiff's counsel will provide to Defendant the banking information, Tax I.D. number(s), and any other information required by Defendant to process and cause payment to be made to Plaintiff. Defendant agrees to make all reasonable efforts to process and cause payment to be made to Plaintiff as soon as possible.

3. Contingent upon receipt of payment pursuant to Paragraph 1 above, Plaintiff hereby (a) releases Defendant and its successors, the United States of America, and any department, agency, or establishment of the United States, and any officers, employees, agents, successors, or assigns of such department, agency, or establishment from any past, present or future claims for attorneys' fees, expenses or costs in connection with this litigation and (b) dismisses with prejudice this litigation and all claims against Defendant and its successors, the United States of America, and any department, agency, or establishment of the United States, and any officers, employees, agents, successors, or assigns of such department, agency, or establishment relating to Plaintiff's request for attorneys fees and costs regarding the FOIA request at issue in this litigation. Further, upon the execution of this Stipulation, Plaintiff hereby releases and forever discharges Defendant, and its successors, the United States of America, and

1    any department, agency, or establishment of the United States, and any officers, employees, agents, successors, or assigns of such department, agency, or establishment, from any and all claims and causes of action that Plaintiff asserts or could have asserted in this litigation, or which hereinafter could be asserted by reason of, or with respect to, or in connection with, or which arise out of, the FOIA request on which this action is based or any other matter alleged in the Complaint, including but not limited to all past, present, or future claims for attorneys' fees, costs, or litigation expenses in connection with the above-captioned litigation.

    4.   The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

Plaintiff, having been apprised of the statutory language of Civil Code Section 1542 by his attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights it may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning injuries or liability for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by him to be true, the Agreement shall be and remain effective notwithstanding such material difference.

    5.   The Court shall retain jurisdiction regarding enforcement of this agreement.

    6.   This Stipulation is binding upon and inures to the benefit of the parties hereto and their respective successors and assigns.

    7.   The parties acknowledge that this Stipulation is entered into solely for the purpose of settling and compromising any remaining claims in this action without further litigation, and it shall not be construed as evidence or as an admission on the part of Defendant, the United States, its agents, servants, or employees regarding any issue of law or fact, or regarding the truth or validity of any allegation or claim raised in this action, or as evidence or as an admission by the Defendant regarding Plaintiff's entitlement to attorneys' fees and other litigation costs under the FOIA. This Stipulation shall not be used in any manner to establish liability for fees, amounts, or hourly rates in any other case or proceeding involving Defendant.

8. This Stipulation may be pled as a full and complete defense to any action or other proceeding in which any party seeks attorneys' fees, expenses or costs generated in this litigation.

9. Plaintiff and its current counsel expressly agree that neither it nor any of its current or former attorneys may make any claim for attorneys' fees, expenses or costs generated in this litigation against Defendant, the United States, their agents, servants or employees.

10. If any provision of this agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

11. This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this agreement has been freely and voluntarily entered into by the parties hereto. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this agreement.

12. The persons signing this agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

13. This agreement may not be altered, modified or otherwise changed in any respect except in writing, duly executed by all of the parties or their authorized representatives.

Respectfully submitted,

DATED: March 21, 2011       By:  ____/s/_____
                                 AMITAI SCHWARTZ
                                 Attorney for Plaintiff

                                 MELINDA HAAG
                                 United States Attorney

DATED: March 21, 2011       By:  ____/s/_____
                                 MELISSA BROWN SLADDEN
                                 Assistant United States Attorney
                                 Attorneys for Defendant

**PURSUANT TO STIPULATION, IT IS SO ORDERED**:

DATED: March 22, 2011       _____
                            HON. RICHARD SEEBORG
                            United States District Judge

[STIPULATION AND [~~PROPOSED~~] ORDER APPROVING SETTLEMENT]
CV 10-4634 RS                              4